IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY ROGER BAISDEN, II, #298382, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:17-CV-667-WHA [WO] |
| LIFE TECH, | ) ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Larry Roger Baisden, II, a state inmate, in which he alleges he has been denied dental treatment during his incarceration at the Life Tech Transition Facility in Thomasville, Alabama. Doc. 1 at 4-5.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

### II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

---

[1] Upon initiation of this civil action, Baisden did not submit the filing/administrative fees nor an application for leave to proceed *in forma pauperis*. Nevertheless, the circumstances of this case dictate that assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that when a case is filed "in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]")

The Life Tech Transition Facility is located in Thomasville, Alabama, within the jurisdiction of the United States District Court for the Southern District of Alabama. *See* Doc. 1 at 1.  Thus, the actions about which Baisden complains have occurred in the Southern District of Alabama.  Moreover, it is clear from the complaint that the individuals allegedly responsible for the challenged actions reside in the Southern District of Alabama.  Under these circumstances, the claim asserted by Baisden is beyond the venue of this court.  However, the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District for the Southern District of Alabama for review and disposition.[2]

---

[2] In transferring the instant case, this court makes no determination with respect to the merits of the plaintiff's claim for relief nor whether he has named a proper defendant.

# III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

It is further ORDERED that on or before **October 27, 2017** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of October, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE